**WOLF & WOLF, LLP**
Jason M. Wolf (JW-6332)
910 Grand Concourse, Ste. 1F
Bronx, New York 10451
(718) 410-0653

*Attorneys for Plaintiff Aminah Lucio*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X Case No. 12 Civ. 247 (DAB)

AMINAH LUCIO,

Plaintiff, **AFFIRMATION OF JASON M. WOLF**

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") and MARIE DOUYON,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JASON M. WOLF, an attorney duly admitted to practice law before the Courts of the State of New York and the Bars of the Eastern and Southern Districts of New York, affirms under the penalties of perjury to the truth of the following:

1. I am the junior partner of Wolf & Wolf, LLP, a firm I formed with my father, Edward H. Wolf, Esq., after I was admitted to the State Bar on or about 2002.

2. Since that time, we have split our cases along the lines of our expertise. Although I did represent clients in discrimination cases in state and federal court, my father handled all cases involving administrators and educators employed by the New York City Department of Education.

3. Ms. Lucio, a Supervisor of Psychologists, retained my father to represent her in a hearing to vacate her unsatisfactory rating pursuant to Article 78 of the N.Y. C.P.L.R., which was successful. Ms. Lucio also retained my father to file an action with the NYS Human Rights EEOC Division which found Probable Cause. In addition, Ms. Lucio retained my father to commence this discrimination action. I did not assist in any manner whatsoever with Ms. Lucio's case nor did I have knowledge of its facts.

4. In the beginning of 2011, my father had surgery to correct Spinal Stenosis. After the first surgery, he was required to undergo a second surgery on his lower back. After the second surgery, my father was admitted to a rehabilitation center for several weeks. These surgeries left my father in extreme pain with tingling and numbness in his hands, which rendered him unable to type. The pain was so unbearable that he had to dramatically reduce his working hours.

5. During the entire 2011, our firm was required to adjourn all of the cases my father worked on. Although my father was able to return to the office in 2012, he once against started to experience extreme pain.

6. After the Motion to Dismiss was filed in this matter, Mr. Wolf planned to submit opposition papers. However, he lost track of the time that his response was due as a result of the pain rendering him unable to sit for long periods of time, concentrate and type.

7. Mr. Wolf has decided that his condition was preventing him from adequately representing his clients. I have been meeting with various clients to determine whether I would continue as lead counsel or assist those clients in obtaining substitute

counsel. My father is no longer actively practicing and has not been in the office for many months.

8. When I finally was notified that Ms. Lucio's case was pending and that a motion was filed, I had planned on making an application to the Court to hold the motion in abeyance pending the parties' participation in the Southern District's mandatory mediation process.

9. On or about September 10, 2012, I became aware that the Court dismissed the instant Complaint in its entirety, and noting that Plaintiff failed to submit opposition papers. In addition to deciding the motion on default, the Court found that the Complaint did not state a cause of action and that certain causes of actions were time-barred.

10. With respect to Plaintiff's default, it is respectfully submitted that such failure was due to my father's surgeries and worsening medical condition and certainly was not willful, but rather constituted "excusable neglect." F.R.C.P. Rules 55(c) and 60.

11. Pursuant to the arguments contained in the accompanying Memorandum of Law, the Court should set aside Plaintiff's default and reconsider its decision on the merits. Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).

12. The Court's decision on the issue of filing 91 days after receipt of the Right to Sue was based upon a mistake of fact contained in paragraph 6 of Plaintiff's Complaint. The mistake of fact was a direct result of my father's medical condition which diminished his memory and concentration, causing him to decide to no longer actively practice law.

13. Contrary to the allegation contained in paragraph 6 of the Complaint that the Right to Sue letter was mailed on October 10, 2012 and received on October 13,

2012, the Right to Sue actually states the mailing date was October 13, 2012. In addition, the envelope containing the Right to Sue letter was post-marked October 13, 2012. A copy of the Right to Sue and the Post-Marked Envelope are annexed hereto as Exhibit A. Since the earliest the Right to Sue could have been received is October 14, 2012, this action filed on January 12, 2012 was timely and the last day of the 90 day limitation period. A copy of the Complaint is annexed hereto as Exhibit B.

14. Plaintiff also properly stated the causes of action contained in her Complaint. When determining a motion under Rule 12(b)(6), the Court is limited to the factual allegations in the Complaint, which must be accepted as true, and to documents attached to the Complaint or incorporated by reference. Brass v. American Film Technologies, Inc., 987 F.2 142, 150 (2d Cir. 1993); Christian v. Town of Riga, 649 F. Supp.2d 84, 87 (W.D.N.Y. 2009).

15. Initially, Plaintiff argues that Monell does not apply to an individual defendant sued in their personal capacity. Jessamy v. City of New Rochelle, 292 F. Supp. 498 (S.D.N.Y. 2003). As Ms. Douyon was sued both in her official capacity and individual capacity[1], Plaintiff's Section 1981 cause of action should be reinstated against Ms. Douyon, regardless of the sufficiency of facts establishing a Monell claim.

16. Plaintiff has also adequately pled a Monell claim against the Defendant municipality. Reynolds v. Giuliani, 506 F.3d 183 (2d Cir. 2007); Vann v. City of New York, 72 F.3d 1040 (2d Cir. 1995).

17. Since Plaintiff's Title VII claims should be reinstated, her retaliation claims should be reinstated as well. Plaintiff's retaliation claim was based upon the allegation that after she was discontinued she was denied positions with the Defendant in

[1] Ms. Douyon is represented by independent counsel and has filed an Answer.

or around 2011 although she was more qualified than the other applicants. Since this incident occurred in 2011, it is timely as it is within one year of the filing of the action. It is also valid under 1981 for the same reasons as the race/national origin discrimination claims.

18. The retaliation claim is also timely under the State and City Human Rights Law, as the incident forming the basis of the retaliation occurred on or after January 11, 2011 and thus within one year from the date of filing of this action. All of Plaintiff's causes of action (discrimination, hostile work environment, retaliation) under the State and City Human Rights laws should proceeding against Ms. Douyon individual, as those claims are subject to a three year statute of limitations. See, Memorandum of Law.

19. Since the state tort claims (intentional infliction of emotional distress and negligent hiring and retention) simply mirror the other causes of action and are time-barred, Plaintiff is constrained to withdraw those claims against the municipal defendant only. However, these claims remain against the individual defendant because she is not subject to the notice of claim provisions or the one year statute of limitations. See, Memorandum of Law.

20. For the foregoing reasons, and those contained in the accompanying Memorandum of Law, Plaintiff should be granted reconsideration and upon reconsideration the Complaint should be reinstated in its entirety.

21. Even if the Court does not agree that Plaintiff's original complaint sufficiently states a cause of action, Plaintiff should be given leave to re-plead, which should be freely granted. F.R.C.P. Rule 15.

22. No prior application for the relief requested herein has been made.

Dated: Bronx, New York
September 19, 2012

/s/ Jason M. Wolf

______________________________
Jason M. Wolf, Esq.