**WOLF & WOLF, LLP**
Jason M. Wolf (JW-6332)
910 Grand Concourse, Ste. 1F
Bronx, New York 10451
(718) 410-0653

*Attorneys for Plaintiff Aminah Lucio*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X     Case No. 12 Civ. 247 (DAB)

AMINAH LUCIO,

       Plaintiff,   **MEMORANDUM OF LAW**

 -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION ("DOE") and MARIE DOUYON,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

  Plaintiff Aminah Lucio, by and through her attorneys Wolf & Wolf LLP, submits the instant Memorandum of Law in Support of Plaintiff's Motion for Reconsideration and to Vacate Default and in Opposition to Defendants' Motion to Dismiss.

## PRELIMINARY STATEMENT

  Plaintiff brought this action for race/ethnicity/national origin discrimination under Title VII, 42 U.S.C. 1981 and pendente state law claims. Defendant moved to dismiss, arguing that some claims were time-barred and others failed to state a cause of action. Plaintiff failed to submit opposition papers within the time provided by the Federal Rules of Civil Procedure, and consequently, the Court granted the Defendants' motion in its entirety on September 10, 2012. Plaintiff now seeks to vacate her default and reargue the Court's decision, and upon such reargument, seeks to have the Complaint reinstated.

## STATEMENT OF FACTS

The Statement of Facts was contained in the Defendant's Memorandum of Law in Support of Motion to Dismiss[1], as well as the Complaint in this matter and other documents referenced therein.

## ARGUMENT

## THE STANDARD OF REVIEW

On a Motion to Dismiss pursuant to Rule 12 (b)(6) for failure to state a claim, the Court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor.  Garber v. Legg Mason Inc., 537 F. Supp 2d 597 (S.D.N.Y. 2008).

The question is not whether Plaintiff will ultimately prevail on her claims, but whether her complaint is sufficient to cross the federal court's threshold.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

The complaint does not have to be a model of clarity.  In other words, a complaint need not pin plaintiff's claim for relief to a precise legal theory, as Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiff's claim, not an exposition of her legal argument. Skinner v. Switzer, 131 S. Ct. 1289, 562 US __, 179 L. Ed. 2d 233 (2011).

---

[1]  To the extent that the Defendants statement in their Memorandum of Law or other supporting documents contradicts or disputes the facts contained in the complaint and the documents referenced therein, they should not be considered.

A motion to vacate a default judgment is "addressed to the sound discretion of the district court." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir.1998).  Since Plaintiff's motion alleges "excusable neglect" based on Plaintiff's original counsel's failure to oppose dismissal, it falls under Rule 60(b)(1), which states that "the court may relieve a party or its legal representative from a final judgment" for reasons including, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason that justifies relief." Church & Dwight Co., Inc. v. Kaloti Enterprises of Michigan, LLC, (E.D.N.Y. 2011, No. 07 Civ. 0612 (BMC), September 2, 2011).

Even if properly considered as motion for reconsideration pursuant to Local Rule 6.3, it nevertheless can be granted "to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

### PLAINTIFF'S DEFAULT SHOULD BE VACATED AND/OR REARGUMENT SHOULD BE GRANTED

Plaintiff's default stems solely from her attorney's failure to file opposition papers.  Plaintiff's original attorney was diagnosed with Spinal Stenosis, and underwent multiple surgeries to attempt to correct his spine and alleviate the pain and numbness he was experiencing.  As a result of the surgery, he was unable to work in the office.  He was even admitted for several weeks to an inpatient rehabilitation facility.  In addition, his memory and concentration suffered due to the extreme pain he continued to suffer. Plaintiff should not be deprived of her day in Court simply because counsel had medical

issues that prevented him from competently representing Plaintiff's interests. At this point, Plaintiff's original counsel is planning on retiring from the practice of law. However, Plaintiff now has a counsel whom is aware of the issues and is willing to continue to represent her in this matter. More importantly, Plaintiff has a meritorious claim. In fact, the State Division of Human Rights issues a finding of "PROBABLE CAUSE" and found that there was sufficient proof to warrant a hearing. Accordingly, the Court should excuse Plaintiff's failure to file opposition papers based upon excusable neglect, as well as to prevent manifest injustice under the circumstances.

### PLAINTIFF FILED HER COMPLAINT WITHIN 90 DAYS FROM HER RECEIPT OF A RIGHT TO SUE

Although Plaintiff's complained complaint alleged that a Right to Sue letter was mailed by the EEOC on October 10, 2012 and received by Plaintiff on October 13, 2012, this allegations is not correct and was a mere typographical error by counsel.

The Right to Sue letter annexed to Wolf's Affirmation as Exhibit A clearly contradicts the allegation in paragraph 6 of the Complaint and indicates that it was mailed on October 13, 2012. The envelope is also post-marked October 13, 2012. Assuming[2] that Plaintiff received it one day later, she has until January 12, 2012 to file her federal complaint.

Since it is conceded that the complaint was filed on January 12, 2012, the last day of the limitations period, Plaintiff's Title VII complaint is timely and should be reinstated.

---

[2] It is unlikely that it was received the very next day, and Defendants cannot prove otherwise.

4

## UPON RECONSIDERATION ALL CLAIMS SHOULD BE REINSTATED AGAINST MARIE DOUYON IN HER INDIVIDUAL CAPACITY

Defendant Douyon is not an "officer" within the scope of Section 3813(1). See Richards v. Calvet, No. 99 Civ. 12172 (RJH)(MHD), 2005 WL 743251, at *13 (S.D.N.Y. Mar. 31, 2005) (holding that § 3813(1) does not apply to claims against school principals because principals are not "officers" within the meaning of the statute); Williams v. City of New York, No. 99 Civ. 2697 (ARR)(LB), 2006 WL 2668211, at *25 (E.D.N.Y. Sept. 11, 2006) ("[T]he statute of limitations established by § 3813 does not similarly require the dismissal of plaintiff's claims against defendant [principal] as he is not a school, district, board of education [. . .] or any officer thereof.")

Accordingly, Plaintiff's claims against her are not subject to the notice of claim requirements of Section 3813(1) or to the one-year statute of limitation for claims against the Department of Education. Rather, a three year statute of limitations applies. Patterson v. County of Oneida, 375 F. 3d 206 (2d Cir 2004) (42 U.S.C. 1981); Quinn v. Green Tree Credit Corp., 159 F. 3d 759 (2d Cir 1998) (SHRL); Siddiqi v. New York City Health & Hospitals Corp., 572 F. Supp. 2d 353 (S.D.N.Y. 2008) (CHRL).

In addition, a failure to state a Monell claim does not prove fatal to Plaintiff's Section 1981 claims against Ms. Douyon in her individual capacity. Jessamy v. City of New Rochelle, 292 F. Supp. 498 (S.D.N.Y. 2003);

Accordingly, all claims asserted against Defendant Marie Douyon should be reinstated.

## **PLAINTIFF'S COMPLAINT SATISFIES MONELL AT THIS STAGE**

Although it may be inartfully drafted and lacking in specificity, the facts as alleged sufficiently pleads a Monell claim. Thus, Plaintiff's Section 1981 claim should be reinstated.

The Second Circuit has held that

> "Monell's policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions . . . "Such a pattern, if sufficiently persistent or widespread as to acquire the force of law, may constitute a policy or custom within the meaning of Monell." Reynolds v. Giuliani, 506 F.3d 183 (2d Cir. 2007)

Further, the Second Circuit has allowed an inference of deliberate indifference where repeated complaints are followed by no meaningful attempt to investigate or forestall incidents. Vann v. City of New York, 72 F.3d 1040 (2d Cir. 1995).

In Plaintiff's complaint, she has alleged DOE is responsible for the conduct of its supervisors and employees pursuant to New York State Education Law 2590 et seq. (Complaint, 11). Plaintiff also alleged that three (3) Supervisors of Psychologists have filed discrimination complaints with the EEOC and State Division of Human Rights against the Department of Education and Ms. Douyon for discrimination (Complaint, 24). Plaintiff filed a complaint on June 26, 2009 with Marlene Siegel, the Director of the Bronx ISC[3] and Ms. Douyon's supervisor (Complaint, 18 and 26) Plaintiff further alleged that she filed an additional complaint on July 2, 2009 to Bob Wilson, Ms. Douyon's new supervisor. Plaintiff and six other colleagues complained to the

---

[3] Plaintiff should be given the opportunity to obtain information through discovery that the Chairperson is a policy maker.

Chancellor[4] under a provision of the collective bargaining agreement addressing harassment and hostile work environment, but notwithstanding the above, nothing was done to address the situation. (Complaint, 33).

Given the liberal pleading requirements, and given that these facts must be accepted as true, Plaintiff has sufficiently alleged a <u>Monell</u> claim against the municipal defendant and its official, Ms. Douyon.

### **PLAINTIFF'S RETALIATION CLAIM SHOULD ALSO BE REINSTATED**

The Court dismissed Plaintiff's retaliation complaint on the ground that it was time-barred (Title VII) and because Plaintiff allegedly did not establish a <u>Monell</u> claim (Section 1981).

Since it is respectfully submitted that Plaintiff's Title VII and Section 1981 claims should be reinstated, Plaintiff's retaliation claim should be reinstated as well.

Plaintiff's retaliation claim is based upon the allegation that after she was terminated she was denied positions with the Defendant in or around 2011 although she was more qualified than the other applicants. Since this incident occurred on or after January 11, 2011, it is timely under the New York State and City anti-discrimination laws, as the retaliatory action occurred within one year of the filing of the action. It is also valid under Title VII and Section 1981 for the same reasons as the race/ethnicity/national origin discrimination claims.

---

[4] As leader of the New York City Department of Education, the Chancellor is a policy maker.

### PLAINTIFF WITHDRAWS HER CLAIMS FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND
### NEGLIGENT HIRING AND RETENTION AGAINST
### THE NEW YORK CITY DEPARTMENT OF EDUCATION ONLY

Plaintiff is constrained to agree that her state tort claims against the Department of Education are time-barred for failure to file suit within one year[5]. However, since these claims are duplicative of her federal claims, which are timely and properly stated, the dismissal of her state claims does not warrant dismissal of her entire Complaint. Cf. LaCourt v. Shenanigans Knits, Ltd., 2011 NY Slip Op 32662 (N.Y. Sup. Ct., 2012) ("Where, as here, another avenue of recovery of emotional distress damages is available under the NYSHRL and NYCHRL, "there is no reason to apply the theory [intentional infliction of emotional distress.")

### IN THE EVENT THE COURT FINDS THAT PLAINTIFF
### HAS NOT SUFFICIENTLY STATED HER CLAIMS,
### THE COURT SHOULD GRANT PLAINTIFF LEAVE TO REPLEAD

Federal Rules of Civil Procedure 15(a)(2) provides for amendment of the complaint either by consent of the parties, or the court's leave, which shall be freely given if justice so requires.

Accordingly, Plaintiff should be given an opportunity to amend her complaint before the Court decides to dismiss any claim for failure to state a cause of action.

---

[5] Notwithstanding withdrawal of these tort claims against the municipal defendant, all of the claims survive against Defendant Douyon in her personal capacity (See p. 5 *supra*.)

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion should be granted and the Complaint should be reinstated.

Dated: Bronx, New York
      September 19, 2012

                                  WOLF & WOLF LLP
                                  910 GRAND CONCOURSE
                                  SUITE 1F
                                  BRONX NEW YORK 10451

                                  /s/ Jason M. Wolf
                                  _____
                                  Jason M. Wolf, Esq. (JW 6332)